# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>WAYNE DENHERDER,<br><br>    Defendant. | No. CR12-4074-4-MWB<br><br>ORDER REGARDING DEFENDANT'S SUPPLEMENTAL MOTION FOR VARIANCE FROM UNITED STATES SENTENCING GUIDELINES |

This case is before me on defendant Wayne Denherder's Supplemental Motion for Variance (#243) filed on June 9, 2013. The prosecution filed a Response to Defendant's Sentencing Motions (#246) on June 10, 2013. In his Supplemental Motion, Denherder attempts to raise a policy disagreement with the methamphetamine guidelines as an additional ground for a downward variance for the first time. Denherder filed his Motion for Variance From the United States Sentencing Guidelines (#229) on June 5, 2013. He did not raise a policy disagreement with the methamphetamine guidelines as a ground in this motion. The prosecution did not respond to this motion. Denherder's sentencing is currently scheduled to be held on Wednesday, June 12, 2013.

Local Criminal Rule 32 requires that:

> Any motion, sentencing memorandum, or brief relating to a sentencing issue, including any motion or brief filed under section "a" of this rule, must be filed, and a copy delivered to the assigned United States Probation Officer, at least 7 days before the sentencing hearing.

L. CR. R. 32(a)(2). Denherder complied with this rule when he filed his Motion for Variance on June 5, 2013. Denherder, however, did not raise a policy disagreement

with the methamphetamine guidelines as one of the grounds for a downward variance in his timely motion, and the prosecution did not respond. Denherder's Supplemental Motion for Variance is untimely pursuant to L. CR. R. 32(a)(2).

In addition, while my decision in *United States v. Hayes*, CR12-4040-MWB, was entered only last week, the issue it raised, a policy disagreement with the methamphetamine guidelines as a basis for a downward variance, should have been obvious since *Kimbrough v. United States*, 552 U.S. 85 (2007). Judge Bataillon repeatedly raised this issue in a number of his decisions, s*ee, e.g.*, *United States v. Woody*, 2010 WL 2884918, *10 (D. Neb. July 20, 2010); *United States v. Ortega*, 2010 WL 1994870 (D. Neb. May 17, 2010); *United States v. Ninchelser*, 2009 WL 872441 (D. Neb. Mar. 30, 2009); *United States v. Hubel*, 625 F. Supp. 2d 845, 853 (2008); *United States v. Goodman*, 556 F. Supp. 2d 1002, 1016 (D. Neb. 2008); *United States v. Castellanos*, 2008 WL 5423858 (D. Neb. December 29, 2008); *United State v. Rocha*, 2008 WL 2949242 (D. Neb. July 30, 2008), and his criticisms of the drug guidelines as a grounds for a downward variance were amplified most recently by Judge Gleeson's decision in *United States v. Diaz*, No. 11-CR-00821-2 JG, 2013 WL 1345513, at *1 (E.D.N.Y. Jan. 28, 2013). It is deeply perplexing to me that a CJA Panel lawyer from Omaha, Nebraska, where Judge Batallion presides, would be so unaware of the above line of authority,that an argument raising a policy disagreement with the methamphetamine guidelines was not made in Denherder's original, timely Motion for Variance.

Thus, I conclude that Denherder's attempt to raise, in his Supplemental Motion for Variance, a policy disagreement with the methamphetamine guidelines as an additional ground for a downward variance, is untimely and will not be considered at sentencing. The Clerk of Court is directed to **strike** the defendant's Supplemental Motion for Variance as untimely.

**IT IS SO ORDERED**.

**DATED** this 10th day of May, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA